## No. XXXVI.

### JOHN W. MOORE, SHERIFF, v. JOHN D. MOORE.

*Appeal from Harris County.*

JACK, JUSTICE.—This case comes up by appeal from Harris County. John D. Moore, who was the plaintiff below, by his counsel, moved against John W. Moore, who was sheriff of Harris County, for failing to return an execution, which the said John D. Moore had against one Pilie. There was judgment for plaintiff on his motion, against the sheriff as principal, and against George Stephens, B. Carraher, A. Larson, Charles Bowman and R. Walker, his securities; and defendants appealed. We can not find in any part of the record in this case that John W. Moore either had notice of the motion against him or of his appearing and contesting it. By an act passed May 24, 1838, a summary remedy is granted against sheriffs in certain cases; provided that three days notice of such motion be given to such sheriff. This is an extraordinary remedy and must be strictly pursued by those who wish to avail themselves of its provisions. In no part of the act are the securities mentioned, and we think it never was intended to mean more than that the sheriff alone and not his securities could be reached by motion.

We think there was error in the court below; first, because it does not appear from the record that the defendant below had the notice which the statute requires; and secondly, even if the securities could be reached by such motion, they were not included in the motion. It was against the sheriff alone; and the judgment was manifestly erroneous, so far as their rights were affected.

Let the judgment of the district court be avoided and reversed, and the cause remanded.

*Reversed and remanded.*

---

the corporation may be called in question by quo warranto in an action involving the right of an officer to do an act under the charter. Morris & Cummings v. State, 62 T., 728; State v. Goowin, 69 T., 55; Furrh v. State, 6 T. C. A., 221. It lies to test validity of a municipal or quasi municipal incorporation. State v. Dunson, 71 T., 65; East Dallas v. State, 73 T., 370; State v. Eidson, 76 T., 302; Ewing v. State, 81 T., 172; Mathews v. State, 82 T., 577; State v. Wofford, 90 T., 514. In such cases laches can not be imputed to the State. State v. Wofford, 90 T., 514; Troutman v. McClesky, 7 T. C. A., 561. It is not a means to compel a person or corporation to carry out contracts. It is used to forfeit, not to suspend a franchise; to reclaim a privilege, not to punish for breach of contract. Morris & Cummings v. Schooner Leona, 67 T., 303. Though quo warranto is in form analogous to a criminal prosecution, the remedy is civil in nature. State v. Degress, 53 T., 387; Davis v. State, 75 T., 420; Buckler v. Turberville, 17 T. C. A., 120; Ames v. Kansas, 111 U. S., 449; Foster v. Kansas, 112 U. S., 201.